IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **LUTHER RICHARDS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **7:04-cv-00577-UWC** |
| **UMWA HEALTH AND RETIREMENT FUNDS**, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In this action brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), Plaintiff Luther Richards ("Richards") claims that Defendant United Mine Workers of America Health and Retirement Funds ("UMWA"), the disability claims administrator of his employer Jim Walter Resources ("JWR"), arbitrarily and capriciously denied his application for disability benefits.

Based on the Findings of Fact which follow, the Court concludes that Richards has not carried his burden of proof. Accordingly, appropriate judgment will be entered in favor of UMWA.

## I.  Findings of Fact

1.  Richards was an employee of JRW, a company signatory to a collective bargaining agreement with UMWA.  Richards was initially employed by JWR in November of 1984 and worked there until December 28, 1998.  During all relevant times, Richards was a participant in the UMWA 1974 Pension Plan (the "Plan").

2.  Among other benefits, the Plan provides disability pensions benefits to miners who become permanently disabled as the result of a "mine accident" as defined in the Plan.  Under the terms of the Plan:

> A participant who . . . becomes totally disabled as the result of a mine accident … shall, upon retirement (hereinafter "Disability Retirement"), be eligible for a pension while so disabled.  A participant shall be considered to be totally disabled only if by reason of such accident such Participant is subsequently determined to be eligible for Social Security Disability Insurance ["SSDI"] Benefits under Title II of the Social Security Act or its successor.

(Def.'s Ex. A at 7.)

3.  Under the Plan, UMWA is given discretionary authority to interpret the terms of the Plan.  To this end, UMWA has developed a series of interpretive guidelines called "Questions and Answers" ("Q&As") so that the provisions of the Plan may be interpreted in a uniform and consistent manner.

4. UMWA Q&A 252 addresses the question of "[total disability] as the result of a mine accident." (Def.'s Ex. B.) Q&A 252 provides that a miner is totally disabled as the result of a mine accident if there is:

> (1) Unexpectedness: The disability must have been unlooked for and unforeseen; (2) Definiteness: The disability must be traceable to a definite time, place and occasion which occurred within the course of the mineworker's employment. A progressive disease does not meet this test and therefore cannot be a disability that resulted from a mine accident; (3) Force or impact: The disability must have been caused by the exertion or impact of some external physical force or object against the body or by the exertion or impact of the body against some external physical object; i.e., not simply the result of the mine worker's own physical condition.

*Id.*

5. On May 21, 2001, Richards applied for disability benefits under the Plan alleging that he was injured in a mine accident on or about December 21, 1998.

6. On July 18, 2001, UMWA wrote to Richards and instructed him to submit a copy of the employer's injury report to document the alleged mine accident. A second request for the employer's report was made on December 7, 2001. In January 2002, Richards' wife wrote to UMWA and stated that Richards told his supervisor about the alleged accident at the time, but that the supervisor never completed an injury report.

7. On February 2, 2002, UMWA denied Richards' application on the stated ground that he had failed to demonstrate that he was "involved in a mine accident that meets the requirements of the Plan." (R. 178.)

8. On March 25, 2002, UMWA issued a decision on review that outlined the reasons for the denial of Richards' application as follows: (1) there were no witnesses to the alleged accident, (2) there was no injury report documenting the alleged accident, and (3) there was no mention of the alleged accident in the emergency room records. Additionally, UMWA observed that Richards' initial application for sickness and accident benefits merely stated that his injury arose "when he was walking down slope to bunker" and did not state that he had fallen. (R. 124-25.)

9. Richards timely appealed the denial of his claim.

10. On July 15, 2003, UMWA notified Richards that his appeal had been denied because he had not established that a mine accident caused his disability. Attached to the denial letter was a detailed explanation of the reasons for the denial. After recounting the medical history in Richards' file, UMWA concluded that Richards' 1997 mine accident did not cause his disability and that the evidence in the record failed to substantiate that Richards was in a mine accident in December 1998.

11. On August 27, 2003, Richards' attorney submitted additional information consisting of Richards' deposition testimony that he "fell going down the slope going

into the bunker" and reported the fall to his supervisor. Richards' attorney also included an unsigned and undated life insurance form that stated "gone down slope - slipped + fell - hurt back." In addition, Richards' attorney cited a statement from one of Richards' physicians who stated that his condition arose out of his employment. Finally, Richards' attorney noted that JWR ultimately settled Richards' workers' compensation which was predicated on an on-the-job injury.

12. After review, UMWA adhered to its conclusion that the evidence, as supplemented, failed to demonstrate that a mine accident occurred in December 1998. Additionally, UMWA further concluded that a 1997 mine accident in which Richards was involved did not cause his disability.

## II. Applicable Legal Standards

Because JRW gives to UMWA discretionary authority to interpret the terms of its disability plans, the "arbitrary and capricious" standard applies. *Williams v. Bellsouth*, 373 F.3d 1132, 1138 (11th Cir. 2004). Under the "arbitrary and capricious" standard, Richards has the burden of proving that UMWA's denial of his disability pension application was "completely unreasonable." *Brown v. Blue Cross & Blue Shield, Inc.*, 898 F.2d 1556, 1564 (11th Cir. 1990) (quoting *Van Boxel v.*

*Journal Co. Employees' Pension Trust*, 836 F.2d 1048, 1053 (11th Cir. 1987)).

### III.  Conclusions of Law

1.  Richards has failed to establish that UMWA's decision to deny his application for disability benefits was completely unreasonable.

2.  Substantial evidence supports UMWA's determination that Richards did not prove that he was involved in a "mine accident" in December 1998 which resulted in his disability.

By separate order, judgment will be entered in favor of the Defendant.

Done this 29th day of December, 2005.

                                        U.W. Clemon
                                        Chief United States District Judge